IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN RANGEL, | § | |
| #2516-22, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-85-X-BN |
| | § | |
| ELLIS CO. S.O. and WAYNE | § | |
| MCCOLLUM DETENTION CENTER, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Juan Rangel, an inmate at the Ellis County jail, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that his slipping and falling on a wet floor and the medical care that he received afterwards violated the Constitution. Dkt. No. 3. He also moved for leave to proceed *in forma pauperis* (IFP). *See* Dkt. No. 4. And United States District Judge Brantley Starr referred Rangel's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Where a plaintiff who is imprisoned or detained pending trial seeks relief from a governmental entity or employee, a district court must, on initial screening under the Prison Litigation Reform Act (the PLRA), identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The Court will enter a separate order granting Rangel's IFP motion under the PLRA, and the undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this lawsuit under Section 1915A(b) for the reasons and to the extent set out below.

Against defendants who appear to be the Ellis County Sheriff's Office and the detention center where he is incarcerated, Rangel seeks compensation, alleging "slip and fall wet floor[; i]mproper care for broken ankle." Dkt. No. 3 at 3.

To begin, neither defendant is subject to suit as a jural entity that "enjoy[s] a separate legal existence." *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) (citations omitted); *see, e.g.*, *Rambo v. Valdez*, No. 3:16-cv-02-O, 2016 WL 4398969, at *2 (N.D. Tex. May 6, 2016) (relying on *Darby* on hold that "the Dallas County Sheriff's Office" and the Dallas County jail "are non-jural entities under § 1983" (collecting cases)).

But, even if the Court construes Rangel's claims as asserted against individuals who work at the jail, he has not "plead facts sufficient to show" that the claims alleged have "substantive plausibility" as violations of the Constitution under Section 1983 by stating "simply, concisely, and directly events" that he contends entitle him to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

First,

[s]lip (or trip) and fall claims typically arise through the negligence of the proprietor or custodian of the premises. Therefore, "slip and fall" negligence claims ordinarily are not cognizable in a federal civil rights action. Indeed, "[s]ection 1983 imposes liability for violations of rights

protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan*, 443 U.S. 137, 146 (1979). It is manifest that "state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right." *Price v. Roark*, 256 F.3d 364, 370 (5th Cir. 2001) (quoted source omitted).

*Carter v. Derr*, Civ. A. No. 18-0068, 2019 WL 3202227, at *6 (W.D. La. June 19, 2019), *rec. accepted*, 2019 WL 3162485 (W.D. La. July 15, 2019); *see also Gossett v. Wilson*, No. 6:15cv726, 2016 WL 6518663, at *2 (E.D. Tex. Sept. 29, 2016) ("The failure to remain vigilant in maintaining safe prison environments may rise to the level of negligence, but does not by itself amount to deliberate indifference." (citing *West v. Blair*, 254 F.3d 1081, 2001 WL 563818, at *2 (5th Cir. May 15, 2001) (per curiam) (citing, in turn, *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995)))), *rec. adopted*, 2016 WL 6441612 (E.D. Tex. Nov. 1, 2016).

And, to allege a constitutional violation based on the medical care that he received after he was allegedly injured requires that Rangel, at a minimum, plead facts from which the Court may infer a due process violation based on deliberate indifference. *See, e.g.*, *Coker v. Dall. Cnty. Jail*, No. 3:05-cv-05-M, 2007 WL 3022575, at *16 (N.D. Tex. Oct. 17, 2007) (The "deliberate indifference standard [as defined in *Farmer v. Brennan*, 511 U.S. 825 (1994),] is the appropriate standard for all denial of medical care claims under the Eighth and Fourteenth Amendments." (citing *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 645 (5th Cir. 1996) (en banc))).

"'Deliberate indifference is an extremely high standard to meet' but can be satisfied by a 'wanton disregard for [an inmate's] serious medical needs.'" *Cope v. Cogdill*, 3 F.4th 198, 207 (5th Cir. 2021) (quoting *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)).

That is, "[d]eliberate indifference is a degree of culpability beyond mere negligence or even gross negligence; it must amount to an intentional choice, not merely an unintentionally negligent oversight." *Alvarez v. City of Brownsville*, 904 F.3d 382, 391 (5th Cir. 2018) (en banc) (quoting *James v. Harris Cnty.*, 577 F.3d 612, 617-18 (5th Cir. 2009) (quoting, in turn, *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 392 (5th Cir. 1992))); *see also Kelson v. Clark*, 1 F.4th 411, 417 (5th Cir. 2021) ("'[D]eliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm.' Rather, 'the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."'" (citations omitted)).

Alone, a disagreement with medical treatment or a failure to provide additional medical treatment does not constitute deliberate indifference. *See Domino*, 239 F.3d at 756; *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). And none of Rangel's allegations reflect that employees at the Ellis County jail ignored his complaints or otherwise show "a wanton disregard for [his] serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

In sum, the Court should dismiss Rangel's claims.

That said, the time to file objections to this recommendation (further explained below) allows Rangel an opportunity to explain how the fatal pleading deficiencies identified above can be cured and thus show the Court that this case should not be

dismissed with prejudice at this time and that the Court should instead grant leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave."). And, if Rangel fails to show that leave to amend should be granted, the Court should dismiss this case with prejudice.

## Recommendation

The Court should dismiss this action with prejudice unless, within the time to file objections, Plaintiff Juan Rangel shows a basis to grant leave to amend the complaint.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 1, 2023

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE